**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FELIPE ESCALONA HERNANDEZ,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-1260

Agency No.
A205-323-878

MEMORANDUM[*]

---

On Petition for Review of an Order of an Immigration Judge

Submitted April 22, 2024[**]

Before:    CALLAHAN, LEE, and FORREST, Circuit Judges.

Felipe Escalona Hernandez, a native and citizen of Mexico, petitions pro se

for review of an immigration judge's ("IJ") order affirming an asylum officer's

negative reasonable fear determination. We have jurisdiction under 8 U.S.C.

§ 1252. We review an IJ's negative reasonable fear determination for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review de novo claims of due process violations in immigration proceedings. *Lopez-Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the IJ's determination that Escalona Hernandez failed to show a reasonable possibility that the harm he suffered or fears would be on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a nexus to a protected ground).

Escalona Hernandez's contentions regarding a newly-proposed particular social group are not properly before the court because he failed to raise them before the IJ. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

Substantial evidence also supports the agency's determination that Escalona Hernandez failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Escalona Hernandez's contention regarding ineffective assistance of counsel is not properly before the court because he failed to raise it before the agency. *See*

8 U.S.C. § 1252(d)(1); *see also Santos-Zacaria*, 598 U.S. at 417-19.

Escalona Hernandez's claims of due process violations by the IJ fail because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The renewed motions for a stay of removal are denied.

**PETITION FOR REVIEW DENIED.**